UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

RYAN FOWLER, individually and Ryan )
Fowler, by and through his mother )
and next friend, KATHY LINDSEY, )
)
    Plaintiffs, )
)
vs. ) CV-97-S-1136-M
)
H.D. LEE APPAREL COMPANY, )
)
    Defendant. )



ENTERED
JUN 18 1997

## MEMORANDUM OPINION

This action is before the court on defendant's[1] motion to dismiss. Upon consideration of the motion, pleadings, and brief of defendant's counsel, this court determines the motion is due to be granted, and the action dismissed for failure to state a claim upon which relief may be granted.

### I. DISCUSSION

The facts surrounding this action are summarized in the second paragraph of Count One of plaintiffs' complaint:

> [O]n January 24, 1996, the plaintiff, Ryan Fowler, was a minor child and was working at defendant's place of business in Boaz, Alabama. At that time, the parties were subject to the workmen's compensation laws and the child labor laws of the State of Alabama. On the above stated date, ... Fowler sustained an injury which arose out of and in the course of his employment with the defendant. ... Fowler was treated by the defendant/company's nurse and directed to return to work. The defendant, on the day following the accident, denied that an injury had occurred, denied that ... Fowler had been injured on the job, refused to pay Ryan Fowler's workmen's compensation benefits, medical expenses, and discharge those duties required by the Alabama Workmen's

---

[1] In its motion, defendant asserts that it is improperly named in the complaint, and that its true name is "Lee Apparel Company, Inc."

Compensation law, terminated his employment and had him escorted from the defendant's place of business.

In Count One, plaintiff alleges that defendant terminated him the following day

> 4. ... solely because he was a minor injured while in the employment of the defendant on a job which he was not properly trained or qualified to perform and which was not the job plaintiffs had been informed Ryan Fowler would be required to do.

Count Two adopts the allegations of Count One and then provides:

> 2. On or about the 24th day of January, 1996, and prior to that date the defendant employed the said Ryan Fowler on a job he was not trained or qualified to perform and on a job which defendant informed plaintiffs and others that the said minor child would not be performing.
>
> 3. Defendant knew or should have known that, without proper training, qualifications, and experience, Ryan Fowler would likely be injured on the job which defendant required him to perform.
>
> 4. When Ryan Fowler did, in fact, suffer an accident and injury as aforesaid, defendant terminated or fired him.

(*Id.*, at 2.) In each count, plaintiffs seek compensatory damages in the amount of $200,000, plus an additional, unspecified amount of punitive damages and costs.

It is unclear from plaintiffs' complaint what rights they seek to enforce, or what remedies they are pursuing. Plaintiffs allege that another civil action has been filed to recover workmen's compensation benefits. (Complaint: Count One, ¶ 3.) Alabama Code § 25-5-11.1 provides:

> No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter or solely because the employee has filed a written notice of

2

violation of a safety rule pursuant to subdivision (c)(4) of Section 25-5-11.

Plaintiffs have not alleged Fowler was terminated because he "instituted or maintained any action against [defendant] to recover workers' compensation benefits," or because he "filed a written notice of violation of a safety rule." Thus, plaintiff's complaint cannot be construed as seeking benefits or damages under the Alabama Workmen's Compensation laws.

Instead, plaintiffs allege defendant placed Fowler in a job for which he was neither properly trained nor qualified to perform, and (or) that he "was terminated by the defendant solely because he was a minor injured while in the employment of the defendant..." (Complaint: Count One, ¶ 4.) This court construes plaintiffs' complaint as presenting state law claims for negligence in Fowler's placement and training, and, a common law claim for wrongful termination (i.e., a claim not founded upon Alabama Code § 25-5-11.1).

**A. Negligence**

The rights and remedies granted to employees under Alabama's workers' compensation laws exclude all other rights and remedies of the employee.[2] Thus, "[i]t is well-settled that an action brought

---

[2] Alabama Code §§ 25-5-52 provides: "Except as provided in this chapter, no employee of any employer subject to this chapter, nor the personal representative, surviving spouse, or next of kin of the employee shall have a right to any other method, form, or amount of compensation or damages for an injury or death occasioned by an accident or occupational disease proximately resulting from and while engaged in the actual performance of the duties of his or her employment and from a cause originating in such employment or determination thereof."

Alabama Code § 25-5-53 provides: "The rights and remedies granted in this

3

under [the] Workmen's Compensation Act is the exclusive remedy in situations where the employee sues his employer for injury in the course of his employment." *Parker v. Thyssen Mining Construction, Inc.*, 428 So.2d 615, 617 (Ala. 1983)(citations omitted). Plaintiffs' negligence claims are based on "an injury which arose out of and in the course of [Fowler's] employment with the defendant." (Plaintiff's Complaint, ¶ 2.) Although the exclusivity provision does not preempt claims based on intentional tortious acts by an employer,[3] plaintiffs have not alleged any such conduct by defendant. Accordingly, plaintiffs' negligence claims are due to be dismissed, because those claims are preempted by the Alabama Workmen's Compensation Act.

### B. Wrongful Termination

> Under current Alabama law, all employees are employees at will unless they meet one of the exceptions outlined in *Hoffman-La Roche, Inc. v. Campbell*, 512 So. 2d 725 (Ala. 1987): 1) a clear, unequivocal offer of lifetime employment or employment of a definite duration; 2) power in the hiring agent to bind the principal to such an employment contract; 3) substantial consideration provided by the employee for the contract apart from the services to be rendered. *Howard v. Wolff Broadcasting Corp.*, 611 So.2d 307, 309 (Ala. 1992), *cert. den.* 507 U.S. 1031, 113 S.Ct. 1849, 123 L.Ed.2d 473 (1993).

---

chapter to an employee shall exclude all other rights and remedies of the employee, his or her personal representative, parent, dependent, or next of kin, at common law, by statute, or otherwise on account of injury, loss of services, or death. Except as provided in this chapter, no employer shall be held civilly liable for personal injury to or death of the employer's employee, for purposes of this chapter, whose injury or death is due to an accident or to an occupational disease while engaged in the service or business of the employer, the cause of which accident or occupational disease originates in the employment."

[3] *See Lowman v. Piedmont Executive Shirt Manufacturing Co.*, 547 So.2d 90, 94 (Ala. 1989).

4

*Stutts v. Sears, Roebuck & Co.*, 855 F.Supp. 1574, 1582 (N.D. Ala. 1994). Plaintiffs have failed to allege that Fowler's employment with defendant was something other than "at will."

> [A]n employee at will may be terminated at any time for any reason or for no reason, he cannot show injury from the fact of changes in his employment, even if those changes are attributable to malicious action on the part of the employer. *Salter v. Alfa Insurance Co.*, 561 So.2d [1050,] 1053-54 (Ala. 1990).

*Stutts*, 855 F.Supp. at 1582. Thus, defendant could have terminated Fowler's employment for "a good reason, a wrong reason, or no reason." *Hinrichs v. Tranquilaire, Hospital*, 352 So.2d 1130, 1131 (Ala. 1977). Accordingly, plaintiffs' wrongful termination claims are due to be dismissed.

## II. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is due to be granted. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 18th day of June, 1997.

United States District Judge